IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JOSHUA SAIZ,

        Plaintiff,

vs.

GERMAN FRANCO, Individually and in his official capacity, JOHN DOE CORRECTIONS OFFICERS 1-4 in their individual capacities, and the State of New Mexico,

        Defendants,

## COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND STATE LAW

Plaintiff files this complaint under the federal Civil Rights Act, the United States Constitution, and the New Mexico Tort claims Act, for damages due to the violation of his rights thereunder. Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction over the subject matter of this action is conferred by 28 U.S.C. 1331 and 42 U.S.C. 1983 and 1988. Venue is proper as the acts complained of occurred exclusively in Santa Fe County, New Mexico.

## PARTIES

2. Plaintiff Joshua Saiz is an individual and former resident of "PNM", or the Penitentiary of New Mexico, a facility operated by Defendant State. He resides in San Juan County, New Mexico.

3. At the time of the events giving rise to Plaintiff's complaint, defendant German Franco was the acting warden of PNM, and was employed by Defendant State.

1

4. At all times material hereto, defendant Franco was acting under color of state law and was within the course and scope of his employment.

5. Defendant State of New Mexico is a governmental entity and a "person" under 42 U.S.C. 1983. At all times material hereto, defendant State was the employer of the individual defendants.

6. Defendant John Doe 1 is the case worker assigned to Plaintiff and is sued in his individual capacity. John Doe 1 was acting under color of state law and within the course and scope of his employment at all times material hereto.

7. Defendant John Doe 2 is the employee or supervisor entrusted with the responsibility to oversee the solitary confinement pod of PNM where Plaintiff was erroneously housed without legal justification for more than 10 months. John Doe 2 was acting under color of state law and was within the course and scope of his employment at all times material hereto.

8. John Does 3 and 4 are the employees or supervisors entrusted with ensuring that inmates within PNM who are not supposed to be in solitary confinement, are not housed in solitary confinement. John Does 3 and 4 were were acting under color of state law and were within the course and scope of their employment at all times material hereto.

## FACTUAL BACKGROUND

9. On May 27th, 2013, Plaintiff Saiz was one of the ten or more inmates housed in the L-Pod, a general population unit.

10. Plaintiff Saiz, along with all of the other inmates in the L-Pod, were accused by Corrections Officer J. Barger, of assaulting another inmate.

11. C.O. Barger did not witness Plaintiff Saiz engaging in any misconduct, and Barger apparently charged all inmates in L-pod with identical acts of misconduct because it could not be determined who was actually involved in the alleged assault.

12. C.O. Barger admitted in the course of disciplinary proceedings concerning Plaintiff that he did not see Plaintiff during the alleged incident, nor did he see evidence that Plaintiff Saiz was involved in the altercation.

13. Despite no evidence to suggest Plaintiff Saiz was involved in the alleged incident, C.O. Barger charged Plaintiff with misconduct, stating that "the whole pod was involved".

14. Despite no evidence to support the misconduct charges against Plaintiff, on 6/13/13 the hearing officer assigned found Plaintiff Saiz guilty of the disciplinary charges filed and recommended imposed 240 days of disciplinary segregation, as well as loss of all good time.

15. Plaintiff Saiz filed an appeal to defendant Franco, who upheld the hearing officer's decision as set forth in Defendant Franco's 7/1/13 Report of Disciplinary Appeal.

16. As a result, Plaintiff's good time was forfeited and terminated, and he was placed in disciplinary segregation, or solitary confinement.

17. Plaintiff filed an appeal of Defendant Franco's 7/1/13 report to the Secretary of the Department of Corrections.

18. Unbeknownst to Plaintiff, his appeal was successful, and on August 27th, 2013, Jerry Roark, Director of Adult Prisons dismissed the disciplinary report upheld by defendant Franco.

19. Mr. Roark noted that the appeal was granted for procedural errors made and ordered that the imposition of discipline be reversed.

20. Upon dismissal of the appeal, defendant Franco and John Doe's 1-4 should have released him forthwith from solitary confinement, and reinstated his good time such that his early release would have been affected.

21. Defendants not only failed to do this, but wholly failed to take any action, including that they failed to inform Plaintiff that his appeal was successful.

22. Plaintiff was not released from solitary confinement on August 27th, 2013.

23. Instead, Plaintiff was held in solitary confinement by reason of said disciplinary charges until June, 2014—nearly one year after the Director vacated the disciplinary report.

24. On December 6th, 2013, Plaintiff was forced to file a Petition for Writ of Habeas Corpus to challenge his confinement as well as the conditions of his confinement, and stated in his Petition that the appeal taken from Defendant Franco's decision was never heard by the Department of Corrections.

25. Upon information and belief, Defendant Franco received a copy of Plaintiff's Writ on or about December 6th, 2013, but willfully and deliberately took no action to address Plaintiff's erroneous belief that his appeal had not been heard and reversed by the Department of Corrections, or to take Plaintiff out of solitary confinement.

26. Defendant Franco and knew as early as August 27th, 2013, and as late as December 6th, 2013, that Plaintiff's continued segregation in solitary confinement was illegal and without basis.

27. On July 16th, 2014, Plaintiff's Writ of Habeus Corpus was dismissed via stipulation of the Attorney General, counsel for Respondent State of New Mexico, which expressly stated that Plaintiff's good time was restored and his appeal of discipline was granted.

28. Plaintiff was not able to benefit from the reinstatement of good time pursuant to the

stipulation of dismissal because it came too late—Plaintiff served months beyond the term of his sentence with good time earned, and served those months in solitary confinement.

29. Upon information and belief, there was no meaningful review of Plaintiff's incarceration in solitary confinement between August 27th, 2013 and July 16th, 2014.

30. Plaintiff had no history of mental illness prior to being placed in solitary confinement, but was suffering from severe depression due to the loss of his young child.

31. As a result of his extended time in solitary confinement, Plaintiff's mental and physical health deteriorated significantly.

32. As a result of his extended time in solitary confinement, Plaintiff suffered extreme pain, suffering, and emotional distress.

33. Plaintiff was ultimately released from Defendant's facility after serving months in excess of the time he would have had to serve, had Defendants implemented Director Roark's August 27th, 2013 decision reinstating good time.

## COUNT ONE: VIOLATION OF PROCEDURAL DUE PROCESS (All Defendants)

34. Plaintiff restates each of the preceding allegations as if fully set forth herein.

35. Plaintiff was placed into an extraordinarily long period of solitary confinement.

36. Plaintiff was not afforded the due process to which he was entitled when Defendant State and Defendant Franco failed to avail him of the benefit of Director Roark's dismissal of appeal which would have included terminating disciplinary segregation and reinstatement of good time.

37. In continuing to incarcerate Plaintiff in solitary confinement, Defendants denied Plaintiff procedural due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

### COUNT TWO:  VIOLATION OF THE EIGHTH and FOURTEENTH AMENDMENTS
### (All Defendants)

38. Plaintiff restates each of the preceding allegations as if fully set forth herein.

39. Plaintiff has rights under the Eighth Amendment to the United States Constitution to humane conditions of confinement.

40. Plaintiff has a liberty interest pursuant to the Fourteenth Amendment to be free from atypical and significant hardships within the conditions of confinement.

41. By their actions and inactions herein, defendants deprived Plaintiff of the minimal civilized measure of life's necessities, and violated his basic human dignity and right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

42. By their failure to conduct a meaningful review of Plaintiff's confinement in solitary, defendants violated Plaintiff's rights which were clearly established at the time of said violation.

43. The cumulative effect of extremely prolonged confinement, along with the denial of the opportunity to utilize earned credits, the deprivation of good medical care and other spirit crushing conditions of confinement constitute a serious deprivation of at least one basic human need-the need for normal and regular human contact, sensory stimulation, mental and physical health, exercise, sleep, nutrition and meaningful activity.

44. Extremely prolonged exposure to these deprivations of basic human needs caused Plaintiff severe psychological pain and suffering and permanent psychological injury.

45. Defendants' failure to release Plaintiff from solitary confinement once it was reasonably clear that there was no lawful justification for keeping him there constituted

cruel and unusual punishment and shocks the conscience.

46. Defendants' failure to release Plaintiff from solitary confinement once it was reasonably clear that there was no lawful justification for keeping him there is evidence that no meaningful review of his confinement was being done.

47. Defendants had no legitimate penological interest in retaining Plaintiff in solitary confinement at any time, and certainly not after it became reasonably clear that there was no lawful justification for doing so.

48. Defendants' continuation of Plaintiff's solitary confinement stripped him of his basic dignity and humanity in violation of contemporary standards of human decency and constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and shocks the conscience.

49. The actions and inactions of defendants herein were implemented by them, and perhaps others, under color of state law and in their official capacity.

50. Defendants were aware of and were deliberately indifferent to the deprivations complained of.

51. Defendants were aware of, and were deliberately indifferent to Plaintiff's pain and suffering.

52. Defendants knowingly and deliberately caused the violations complained of and Plaintiff's damages.

53. Plaintiff was thus illegally held in solitary confinement for, at minimum, 248 days beyond the date the disciplinary report was dismissed.

54. Plaintiff was thus illegally held in solitary confinement for, at minimum, 248 days beyond the date the disciplinary report was dismissed.

## COUNT THREE: FALSE IMPRISONMENT (Individual Defendants)

55. Plaintiff restates each of the preceding allegations as if fully set forth herein.

56. Plaintiff was placed and remained in solitary confinement in violation of his constitutional rights and rights under state law.

57. Plaintiff's prolonged detention in solitary confinement was not justified or privileged under state law, and therefore constituted false imprisonment.

58. Defendant Franco is directly responsible to Plaintiff for his own conduct, as are John Doe's 1-3.

59. Defendant State is responsible to Plaintiff under the doctrine of respondeat superior for the conduct of its employees.

60. The actions of the individual defendants were willful, wanton and in gross and reckless disregard of Plaintiff's rights, and caused Plaintiff's damages.

## COUNT IV: NEGLIGENT MAINTENANCE OF A BUILDING UNDER THE TORT CLAIMS ACT (Individual Defendants)

Plaintiff restates each of the preceding allegations as if fully set forth herein.

61. Defendant Franco and John Does' 1-4 were entrusted with the duty to house Plaintiff in a manner not likely to cause injury.

62. By subjecting Plaintiff to an extended period of solitary confinement under the harsh conditions attendant to that confinement without lawful authority to do so, defendants breached their duty to house Plaintiff in a reasonably prudent manner.

63. Plaintiff suffered injuries and damages a result of defendants' negligence.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1. For compensatory damages in an as yet undetermined amount against all defendants, including damages for pain, suffering, and emotional distress, and attorney fees;

2. Punitive damages against the individual defendants where supported by the evidence and where available and not excluded by law;

3. Reasonable costs and attorney's fees incurred in bringing this action;

4. Such other and further relief as the Court deems just and proper;

5. Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted:

/s/ Rachel E. Higgins
Rachel E. Higgins
509 Roma NW
Albuquerque, NM 87102
(505)247.9339
(505)243.9882 fax
Rachel @Rachelhigginslaw.com

 -and-

Kari T. Morrissey
LAW OFFICE OF KARI MORRISSEY
2501 Rio Grande Blvd. NW, Suite B
Albuquerque, NM 87104
(505) 244-0950

Counsel for Plaintiffs