IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA SAIZ,

    Plaintiff,

vs.                              No. 1:15-cv-00587-JCH-WPL

GERMAN FRANCO, Individually,
JOHN DOE CORRECTIONS EMPLOYEES 1-4 in their
Individual capacities, and the State of New Mexico,

    Defendants.

## AFFIDAVIT OF PLAINTIFF JOSHUA SAIZ

STATE OF NEW MEXICO  )
                          ) ss:
COUNTY OF SAN JUAN  )

Joshua Saiz, first being duly sworn, states:

1. My name is Joshua Bo Saiz.

2. I am over the age of 18, and this affidavit is based on my personal knowledge.

3. I was a resident of the Penitentiary of New Mexico ("PNM") from about May, 2012, to about September 30, 2014.

4. On May 27, 2013, I was housed in the L-Pod, Level V.

5. On that date, I and the other inmates in the L-Pod were accused by PNM Correction Officer J. Barger of assaulting another inmate.

6. Although CO Barger later admitted that he did not see me during the alleged incident, and did not see any evidence that I was involved in the incident, I was charged with misconduct.

1

7. On June 13, 2013, a Corrections Hearing Officer found me guilty of the charges, and recommended that I be placed in disciplinary segregation for 240 days, and that all of my good time should be taken away.

8. At the time of the hearing, I was given a form for appealing the Hearing Officer's decision, "New Mexico Corrections Department Disciplinary Appeal." I used the form to appeal the decision of the Hearing Officer to Warden German Franco.

9. Warden Franco upheld the Hearing Officer's disciplinary decision on July 1, 2013. *See, Defendant's Doc. 23-1, Exhibit A-1.* As a result, my good time was forfeited and I was placed in solitary confinement, Level VI, for 240 days where I could earn no good time.

10. While in solitary confinement, I told corrections officers and other PNM employees that I wished to appeal Warden Franco's decision, but I was told by a number of PNM employees that I would not win an appeal and that the decision had already been made no matter what.

11. Nevertheless, I appealed Warden Franco's decision to the Secretary of Corrections, but thereafter heard nothing about this appeal. I filed an appeal to the Secretary of Corrections by filling out the form and giving it to the PNM legal assistant Sean O'Shannon. *See, Defendant's Doc. 23-4, Exhibit D-2.*

12. On more than one occasion, I asked my caseworker and other employees of PNM whether my appeal had been decided. PNM legal assistant Sean O'Shannon told me that if we had not heard anything in 30 days, my appeal must have been denied.

13. Because I heard nothing about my appeal to the Secretary of Corrections, I obtained the form for a Petition for a Writ of Habeas Corpus from PNM legal assistant Sean O'Shannon. I filled it out the form by hand. I may have made other copies by hand, or,

2

if I had any money in my prison account, I would have paid for copies. I cannot remember which. I knew I needed more than one copy since one had to be filed with the court. I signed the Petition on October 28, 2013, in the presence of legal assistant Sean O'Shannon who came to my cell to notarize my signature. *See, Defendant's Doc. 23-3, Exhibit C-1.* Sean O'Shannon told me not to sign the certificate of service because I would not be serving anyone.

14. I followed the PNM procedure and put the Petition and copies in envelopes, addressed to the Court and the Warden, and gave them to whichever PNM employee was available to take them. I believe the envelopes were picked up the day of or the day after I signed the Petition in front of the notary.

15. I learned that my Petition was filed in Santa Fe County District Court on December 6, 2013, when I received a copy marked with a stamp saying it was filed.

16. At some time after my Petition was filed on December 6, 2013, I was contacted by Public Defender, Amanda Stephnson. For the first time I learned from her that I had won my appeal of Defendant Franco's decision in August, 2013, and should have been released from solitary confinement and had my good time restored at that time.

17. It was my understanding that once my Public Defender brought this to the attention of PNM, PNM employees recalculated my release date based on my restored good time and

determined that I could have been released at an earlier date. Instead, I was kept incarcerated for many months beyond the time I could have been released.

Respectfully,



Joshua Bo Saiz

Subscribed and sworn to before me this 12 day of April, 2016, by Joshua Bo Saiz.

_____Billie Stolworthy_____
Notary Public

**OFFICIAL SEAL**
**BILLIE STOLWORTHY**
Notary Public
State of New Mexico
My Comm. Expires 8-15-2018

My Commission Expires:

August 15, 2018