IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA SAIZ,

      Plaintiff,

   vs.                                                  No. 15-cv-587-MCA-WPL

GERMAN FRANCO, individually;
JOHN DOE Corrections EMPLOYEES 1-4
in their individual capacities;
and the STATE OF NEW MEXICO,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *German Franco's Motion for Summary Judgment Based on Qualified Immunity*, filed March 1, 2016. [Doc. 23] The Court has considered the parties' submissions, the relevant law, and is otherwise fully advised. For the reasons discussed herein, a ruling on the *Motion* is **DEFERRED**.

Plaintiff's request for additional discovery presented in his *Response in Opposition to Defendant German Franco's Motion for Summary Judgment Based on Qualified Immunity* [Doc. 30] (a request that the Court construes as Rule 56(d) *Motion*) is **GRANTED**.

BACKGROUND

Plaintiff is a former inmate of the Penitentiary of New Mexico (PNM). [Doc. 18 ¶ 3] German Franco (Defendant) is the warden of PNM. [Doc. 23-1 ¶¶ 1-2] In May of 2013, Plaintiff was charged by PNM corrections officers with participating in a group

inmate assault of another inmate. [Doc. 23-1 ¶ 4; Doc. 23-1 p. 4] After an evidentiary hearing held in June of 2013, a hearing officer found Plaintiff guilty of three "Category A offenses under the policy governing inmate discipline"—the offenses were among the "most serious" offenses recognized by PNM's policies. [Doc. 23-1 ¶ 4; Doc. 23-5 ¶ 4] Plaintiff appealed the hearing officer's decision to Defendant; and Defendant affirmed the decision. [Doc. 23-1 ¶ 4] As a consequence, Plaintiff lost "good-time" credits and he was placed in disciplinary segregation (solitary confinement). [Doc. 23-1 ¶ 4; Doc. 30-1 ¶ 9]

Plaintiff appealed Defendant's decision to the cabinet secretary of the New Mexico Corrections Department (NMCD) in August 2013. [Doc. 23-4 ¶¶ 2, 5] Larry Phillips, who is the Statewide Grievance-Appeals Coordinator for NMCD, reviewed Plaintiff's appeal. [Doc. 23-4 ¶¶ 2, 5] Mr. Phillips drafted a written recommended decision granting Plaintiff's appeal on the ground of "procedural errors"; and his recommendation was approved and signed by Joni Brown, the Deputy Director of Adult Prisons for the NMCD, acting on behalf of Jerry Roark, Director, who handled such matters on behalf of the cabinet secretary. [Doc. 23-4 ¶¶ 5-6] The decision granting the appeal was then returned to Mr. Phillips for further handling. [Id.] Mr. Phillips sent a copy of the signed decision to one of the hearing officers at PNM—he did not sent a copy of the decision to Defendant. [Doc. 23-4 ¶ 9]

Plaintiff never received a copy of the decision granting his appeal. [Doc. 30-1 ¶¶ 10-11] Having not received a decision in his appeal, Plaintiff filed a petition for a writ of habeas corpus in December 2013. [Doc. 30-1 ¶¶ 13-15] Amanda Stephenson, an

attorney of the Law Office of the Public Defender, was assigned to represent Plaintiff in his habeas matter in May of 2014.  [Doc. 30-2 ¶¶ 1-7]  In June of 2014, Ms. Stephenson was notified by the Attorney General's office that Plaintiff's disciplinary appeal had been successful.  [Doc. 30-2 ¶ 9]  Ms. Stephenson notified Plaintiff that his August 2013 appeal had been successful.  [Doc. 30-1 ¶ 16]

Ms. Stephenson also contacted Cathleen Catanach, Chief of the Offender Management Bureau of the NMCD, to advise her that Plaintiff's appeal had been successful, that he had never received a copy of the decision, his good-time credits had not been restored, and he had not been released from solitary confinement—all of which should have followed Plaintiff's successful appeal.  [Doc. 23-2 ¶ 6]  Ms. Catanach immediately corrected Plaintiff's records by restoring his good-time credits and adding credits for good-time that he could have earned had he not been placed in solitary confinement.  [Doc. 23-2 ¶ 10]  At around the same time, NMCD began the process required to move Plaintiff from solitary confinement to the general population, and then to release him from custody to serve parole.  [Doc. 23-2 ¶ 11]  It is alleged that by the time he was released, Plaintiff had been incarcerated for approximately one year longer than warranted.  [Doc. 18 ¶ 35]

Eight other inmates who were found guilty of participating in the group inmate assault along with Plaintiff appealed the decisions and these appeals were presumably reviewed by Defendant in accord with NMCD policy.  [Doc. 30 ¶ J; Doc. 39 ¶ J]  These other inmates also filed petitions for a writ of habeas corpus concerning the reasons for and conditions of their confinement during the same timeframe.  [Id.]  Plaintiff's petition

for a writ of habeas corpus was joined with the petitions of the eight other inmates. [Doc. 30 ¶ K; Doc. 39 ¶ K] Between July 21, 2014 and August 6, 2014, eight of the petitions were dismissed by stipulation. [Doc. 30 ¶ T; Doc. 39 ¶ T; Doc. 30-4]

Defendant stated that did not know that Plaintiff had appealed his decision to the cabinet secretary of NMCD, nor did he know that his appeal had been successful until the present lawsuit was filed in November 2015. [Doc. 23-1 ¶ 6] Defendant also stated that until the present lawsuit was filed, he was unaware that Plaintiff had filed a petition for a writ of habeas corpus. [Doc. 23-1 ¶ 7]

Plaintiff filed the present lawsuit claiming, in relevant part, that Defendant, in his individual capacity, had violated: Plaintiff's Fourteenth Amendment right to procedural due process; his rights to certain conditions of confinement under the Eighth and Fourteenth Amendments; and his First Amendment right to exercise speech. [Doc. 18 p. 6-10] Defendant seeks summary judgment on those claims pursuant to the doctrine of qualified immunity. [Doc. 23] Plaintiff opposes summary judgment, in relevant part, on the ground that Defendant's Motion is premature "because Plaintiff requires discovery in order to defend against the motion." [Doc. 30 p. 1]

**ANALYSIS**

Plaintiff argues that, having received no discovery in this case, he is unable to prepare an adequate response to *Defendant's Motion for Summary Judgment*. [Doc. 30 p. 6-7] In Plaintiff's own words,

> Defendant . . . has attached his own affidavit, and affidavits obtained from employees of the New Mexico Department of Corrections and the New Mexico Attorney General's Office. Plaintiff has had no opportunity to

4

> depose any of these persons, or to depose any other persons who could challenge or supplement the information in Defendant's affidavit. Plaintiff, therefore, is unable to admit or dispute a number of Defendant's [undisputed material facts] for lack of sufficient information.

[Doc. 30 p. 6-7]  Accordingly, in his response to Defendant's *Motion*, and in an accompanying affidavit by his counsel, Plaintiff seeks additional discovery pursuant to Fed. R. Civ. P. 56(d). [Doc. 30 p. 1; Doc. 30-3]

Rule 56(d) pertains to circumstances in which, owing to the unavailability of essential facts, a nonmovant is unable to effectively oppose a motion for summary judgment.  It provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Normally, a Rule 56(d) request is treated liberally.  *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990).  However, where, as here, the summary judgment motion is grounded in the defense of qualified immunity, the Court's otherwise broad discretion under Rule 56(d) is circumscribed by the nature of that defense. *Id.*; *see Martin v. Cty. of Santa Fe*, 626 Fed.Appx. 736, 740 (10th Cir. 2015) ("Because the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery, there is a strong policy justification for staying discovery and for refusing requests for additional

5

discovery once a defendant invokes qualified immunity as a defense." (citation omitted)).

> In the Tenth Circuit, a nonmovant requesting additional discovery under Rule 56(d) must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain those facts, and (4) how additional time will enable [the nonmovant] to obtain these facts and rebut the motion for summary judgment. When the summary judgment motion is based on qualified immunity, the nonmovant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion. Thus, it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands.

*Gutierrez*, 841 F.3d at 908.

In *Plaintiff's Affidavit of Counsel for Plaintiff Pursuant To Federal Rule of Civil Procedure 56(d)*, Plaintiff satisfies each of the foregoing requirements.

### 1. The Probable Facts Not Available

As to the probable facts not available, Defendant seeks to discover the following information:

- The degree of Defendant's personal participation in reviewing and approving the disciplinary decision that led to Plaintiff being placed in segregation and losing his good-time.

- Defendant's "obligations pursuant to policy, procedure, practice and supervisory capacity."

- Defendant's deposition testimony concerning his level of personal involvement in (1) establishing the policies and procedures that relate to the inter and intra-

   facility communication of information concerning the appeals and grievance process; (2) the decision-making process by which prisoners are placed in, or are required to remain in, disciplinary segregation; and (3) ensuring that the process used to place inmates in disciplinary segregation and to grant them periodic and meaningful review is followed.

- Whether the copy of Plaintiff's inmate file that was provided to Plaintiff's counsel is complete.

- Deposition testimony of Larry Phillips, the Statewide Grievance-Appeals Coordinator, to discover what policies and procedures were in place, "and whether and how a break-down in the process may have occurred in Plaintiff's case."

- The deposition of "a witness from the Penitentiary, pursuant to F.R. Civ. P. 30(B)(6)" regarding the internal procedures at the penitentiary related to Plaintiff's claims.

- Inmate records and depositions of eight other inmates who "may have suffered from disciplinary actions which continued well beyond the time their disciplinary actions had been reversed" to explore the "possibility that eight other inmates suffered from the same procedural defects as Plaintiff[.]"

- The deposition of Claire Welch, a paralegal specialist for the New Mexico Attorney General's Office to learn how she received a document indicating that Plaintiff's appeal was successful.

- The deposition of Cathleen Catanach, Chief of the Offender Management Bureau for the New Mexico Corrections Department to learn, generally, about the procedures and practices of the Corrections Department and Defendant's knowledge and involvement in them; and to learn specifically about Ms. Catanach's knowledge and handling of Plaintiff's records.
- And the deposition of "the Department of Corrections legal assistant and caseworker who helped [Defendant] appeal his disciplinary decision to the Secretary of Corrections and file his petition for a writ of habeas corpus[.]"

[Doc. 30-3]

### 2. Why Those Facts Cannot Currently Be Presented

Pursuant the Magistrate's *Stipulated Order Staying Discovery and Vacating Initial Scheduling Order* (Doc. 27), discovery was stayed pending the Court's resolution of Defendant's *Motion*. [Doc. 27 p. 1] The stay was ordered before any discovery had been conducted in this matter, and the information that Plaintiff seeks can only be acquired through the discovery process. [Id.]

### 3. What Steps Have been Taken to Obtain Those Facts

Because the information that Plaintiff seeks within Defendant's control, the *Order Staying Discovery* has effectively precluded Plaintiff from obtaining the requisite facts. [Doc. 30-3 ¶ 2] Plaintiff has, however, made a timely request, in his *Response* to Defendant's *Motion* for discovery pursuant to Fed. R. Civ. P. 56(d). *See Gomez v. Martin*, 593 Fed.Appx.756, 760 (10th Cir. 2014) (recognizing that Rule 56(d) is the appropriate vehicle through which "nonmoving

parties who need additional discovery to respond to a motion for summary judgment" may seek the necessary discovery); *c.f. Gutierrez*, 841 F.3d 895, 908-09 (holding that a Rule 56(d) motion that was filed "more than three months after the plaintiff had filed a factually detailed response opposing summary judgment" was untimely).

### 4. How Additional Time Will Enable Plaintiff to Obtain These Facts and Rebut The Motion For Summary Judgment

Plaintiff's counsel requests "the opportunity" to obtain and review the requested discovery, albeit without requesting a specific number of days within which to do so. [Doc. 30-3 ¶ 13]  Plaintiff's request for an "opportunity" to obtain the requisite facts, where, as yet, no such opportunity has been afforded satisfies this requirement.  *See JL v. N.M. Dep't of Health*, 131 F.Supp.3d 1248, 1254 (D.N.M. 2015) (holding that the plaintiff's request for 75 days after the Court lifts the stay of discovery was held to satisfy the requirement of stating "how additional time will enable the plaintiff to . . . rebut the motion for summary judgment"). The Court leaves the matter of setting particular reasonable discovery deadlines to the parties and to the assigned Magistrate Judge.

### 5. Connection Between Information Requested in Discovery and the Validity of Defendant's Assertion of Qualified Immunity

When a defendant moves for summary judgment based on qualified immunity, "the plaintiff bears the ultimate burden of persuasion to overcome" that defense. *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (alterations omitted).  To overcome Defendant's qualified immunity defense, Plaintiff is

9

required to demonstrate that Defendant "personally participated in a [violation of Plaintiff's clearly established constitutional rights] with a sufficiently culpable state of mind." *Dodds v. Richardson*, 614 F.3d at 1185, 1194 (10th Cir. 2010). "Personal participation" can take many forms, including the "exercise of control or direction," a "failure to supervise," "knowledge of the violation and acquiescence in its continuance[,]" the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of the plaintiff's rights[,]" or the "promulgation, creation, implementation or utilization of a policy that caused a deprivation [the] plaintiff's rights[.]" *Id.* at 1195, 1199 (alteration and citations omitted).

Stated succinctly, Plaintiff was wrongfully kept in solitary confinement, wrongfully denied good-time credits and, as result, he was allegedly detained for approximately one year longer than warranted. [Doc. 18 ¶ 35] As many as eight other inmates may have suffered similarly. [Doc. 30-3 ¶ 9] As the record stands, it is unclear who should be held accountable. Under these circumstances, the connection between the information sought by Plaintiff in discovery and the validity of Defendant's qualified immunity assertion is clear. To grant the Defendant, the warden of PNM, qualified immunity on the basis of his self-serving affidavit, and limited other information selected by him, without affording Plaintiff the benefit of the opportunity to develop material facts about his knowledge and involvement would be unconscionable.

**CONCLUSION**

For the reasons stated herein, it is **ORDERED** that Plaintiff's Rule 56(d) *Motion*, submitted within his *Response in Opposition to Defendant German Franco's Motion for Summary Judgment Based on Qualified Immunity* (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 56(d)(1) the Court's ruling on *German Franco's Motion for Summary Judgment Based on Qualified Immunity*, filed March 1, 2016 (Doc. 23) is **DEFERRED**.

**SO ORDERED** this 23rd day of March, 2017 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**Chief United States District Judge**